**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                                    No. 95-5166

TODD MOORE,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Raymond A. Jackson, District Judge.
(CR-93-162)

Submitted: November 30, 1995

Decided: March 21, 1996

Before WIDENER, HALL, and NIEMEYER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Lawrence H. Woodward, Jr., SHUTTLEWORTH, RULOFF &
GIORDANO, Virginia Beach, Virginia, for Appellant. Fernando
Groene, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk,
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Todd Moore appeals his conviction and sentence of life incarceration for engaging in a continuing criminal enterprise and murder in furtherance of a continuing criminal enterprise. [1] Moore also received concurrent sentences of 240 months for possession with intent to distribute cocaine and possession of cocaine base, [2] and 60 months for using a firearm in drug trafficking.[3] Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), contending that there were no meritorious issues to appeal because Moore entered a valid guilty plea and was correctly sentenced pursuant to the United States Sentencing Guidelines. Counsel advised Moore of his right to file a supplement brief, but he has not done so. Finding no reversible error after an entire review of the record, we affirm.

At the FED. R. CRIM. P. 11 colloquy, the district court thoroughly questioned Moore to ensure he was competent to enter a plea and that he understood the nature and consequences of his plea. Specifically, the court inquired into Moore's education, mental health, use of drugs or medication, and whether Moore understood all the rights he was forfeiting by pleading guilty. Moore acknowledged that he understood his rights, had consulted with counsel, understood the consequences of his plea, and was freely and voluntarily pleading guilty. The plea agreement should be upheld because Moore made an intelligent and informed decision when he voluntarily pled guilty. [4]

Finally, the district court properly sentenced Moore under § 848 and the federal sentencing guidelines. The district court may fix a sentence at any point it deems appropriate within the guidelines range,[5] and the appellate courts lack jurisdiction to review its decision.[6]

_____

[1] 21 U.S.C. §§ 848, 848(E)(1)(a) (1988).
[2] 21 U.S.C. § 841 (1988).
[3] 18 U.S.C. § 924(c)(1) (1988).
[4] **North Carolina v. Alford**, 400 U.S. 25, 31 (1970); Boykin v. Alabama, 395 U.S. 238, 242 (1969).
[5] **United States v. Roberts**, 881 F.2d 95, 102-03, 106-07 (4th Cir. 1989).
[6] **United States v. Jones**, 18 F.3d 1145, 1151 (4th Cir. 1994); United States v. Porter, 909 F.2d 789, 794 (4th Cir. 1990).

Because Moore's base offense level was forty-eight and his criminal category was II, Moore's applicable guideline range was life. The district court sentenced Moore within the guidelines; therefore, this court lacks jurisdiction to review the sentence.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3